**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
Crystal T. Innabi (SBN: 316434)
ci@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL HALPIN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC., <br><br> Defendant. | **Case No.:** 8:17-CV-2168 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> **1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;** <br><br> **2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**  PAGE 1 OF 8

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, JAMES PAUL HALPIN ("Plaintiff"), brings this lawsuit to challenge the actions of Defendant, DIVERSIFIED CONSULTANTS, INC., ("Defendant"), with regard to Defendant's unlawful debt collection practices.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

///

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing, intentional, and willful, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

8. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

## JURISDICTION AND VENUE

9. This action arises out of Defendant's violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

10. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

11. The Court has personal jurisdiction over Defendant as Defendant conducts business within the State of California and has purposefully availed itself of the laws and markets of the State of California and this district.

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Orange, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

13. Plaintiff, JAMES PAUL HALPIN ("Plaintiff"), is a natural person who resides in the City of Stanton, County of Orange, State of California, from

whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant, DIVERSIFIED CONSULTANTS, INC., ("DIVERSIFIED" or "Defendant") is a Florida corporation.

15. DIVERSIFIED in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce in the ordinary course of their business.

16. Defendant, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they were acquired and/or assigned to Defendant.

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

18. At all times relevant, Plaintiff was an individual residing within the State of California.

## FACTUAL ALLEGATIONS

19. DIVERSIFIED is trying to collect a debt that does not belong to Plaintiff. Specifically, DIVERSIFIED has repeatedly attempted to collect a Debt for cable television services which Plaintiff believes belongs to his father, (the "Debt"). Plaintiff does not and has never owed this Debt.

///

20. On December 6, 2017, DIVERSIFIED called Plaintiff's cellular telephone in an attempt to collect on the Debt, despite the fact that Plaintiff does not owe the Debt and has never had a contractual relation with Time Warner for cable TV services.

21. During the December 6, 2017 phone call, DIVERSIFIED demanded payment and specifically requested that Plaintiff "settle" the Debt.

22. Through this conduct, DIVERSIFIED violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, DIVERSIFIED also violated Cal. Civ. Code § 1788.17.

23. During the December 6, 2017 telephone call, Plaintiff disputed the Debt with DIVERSIFIED on the basis that the Debt was not associated with Plaintiff's social security number. Plaintiff informed DIVERSIFIED that the Debt did not belong to him and that he did not owe the Debt. Plaintiff also informed DIVERSIFED that he was represented by counsel and that any and all future communications should be directed towards his attorney.

24. Despite having received notice that Plaintiff was represented by counsel, and that the Debt did not belong to him, DIVERSIFIED continued to contact Plaintiff directly by phone in an attempt to collect on the Debt.

25. Specifically, on December 6, 2017 at 4:40 p.m., *less than four hours* after Plaintiff informed DIVERSIFED that the debt did not belong to him and that he was represented by counsel, DIVERSIFIED called Plaintiff's cellular telephone again in an attempt to collect on the Debt.

26. Defendant knew, or should have known, the Debt did not belong to Plaintiff as: (1) Plaintiff never entered into a contractual agreement with Time Warner for cable TV services; (2) Plaintiff was not a party to any alleged contractual agreement with Time Warner concerning the Debt; (3) Plaintiff is not and has never been obligated to pay the Debt; and (4) the Debt is not associated with Plaintiff's social security number.

27. Through this conduct, DIVERSIFIED violated: (i) 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney; (ii) 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they were represented by an attorney; (iii) 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; (iv) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (v) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (vi) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (vi) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, DIVERSIFIED also violated Cal. Civ. Code § 1788.17.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-

cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

30. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

33. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

34. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00 from each defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, according to such causes of action stated against Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful debt collection practices stated herein;
- Any and all other relief that this Court deems just and proper.

Dated: December 12, 2017                    Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

**TRIAL BY JURY**

35. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 12, 2017                    Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF